IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Maurice Barksdale (B61033) | ) | |
|     Petitioner, | ) | Case No: 14 C 50139 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Dixon Correctional Center, | ) | |
|     Respondent. | ) | |

## ORDER

Petitioner's motion to proceed in forma pauperis [#11] is granted. The filing fee for his petition for habeas corpus relief is waived. Respondent is directed to either answer claim 1 of the amended petition [#10] or otherwise plead within 30 days of the date of this order. All other claims in the amended petition are dismissed without prejudice to Plaintiff raising them in a 42 U.S.C. § 1983 action. Petitioner shall have 30 days from the date Respondent's files his response to reply. The clerk is directed to substitute Nedra Chandler, Warden of Dixon, as Respondent.

## STATEMENT

In accordance with the Court's July 11, 2014, order, Petitioner Maurice Barksdale, an Illinois inmate incarcerated at Dixon Correctional Center, has submitted an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and an *in forma pauperis* ("IFP") application. His IFP application indicates he cannot pay the $5.00 filing fee. The Court thus grants Petitioner IFP status for this case and waives the filing fee.

As to the amended petition, Petitioner does not appear to be challenging the validity of his 2011 robbery conviction. He instead challenges his inability to be released from prison. According to Petitioner, he has partaken in a release program and the warden has repeatedly called the desk officer for Plaintiff's release from prison; however, Petitioner's release has been routinely delayed for over a year. Petitioner further states that he has not received mail and has been expecting important letters from home, that he is unable to receive visitors, and that there are problems with his prison trust account. Petitioner's claims 2, 3, and 4 do not involve issues for which habeas corpus relief can be granted as they do not relate to the duration of his sentence or incarceration. Petitioner's first claim–that he is supposed to be released from incarceration based upon the warden's instructions–states a habeas claim. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) ("Any decision that determines the fact or duration of state custody may (and usually must) be challenged under § 2254 rather than 42 U.S.C. § 1983."), citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Court notes that Petitioner's amended petition's description of claim 1 is not entirely clear and provides only slightly more information than the original petition. Counsel for Respondent may need to investigate the details of the claim, and such investigation may reveal that Petitioner's contentions do not state a valid claim for habeas corpus relief. Nevertheless, the

amended petition states enough to require a response.

      Accordingly, for the reasons stated above, Petitioner may proceed with claim 1 in his amended petition. All other claims are dismissed without prejudice to Petitioner raising them in a 42 U.S.C. § 1983 action. Respondent is given 30 days from the date of this order to answer claim 1 of the amended petition or otherwise respond.

      Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. He must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

Date: August 5, 2014

United States District Court Judge